Tuttle, Respondent, v. Virginia Surety Company, Inc., Appellant.

*November 1—November 29, 1966.*

For the appellant there was a brief by *Chambers, Nash, Pierce & Podvin* of Wisconsin Rapids, and oral argument by *Dudley W. Pierce.*

For the respondent the cause was submitted on the brief of *H. G. Haight* of Neillsville.

HEFFERNAN, J. We conclude that this matter must be remanded to the trial court for the application of the *Powers* rule. It is clear from the colloquy with defendant's counsel that the trial judge concluded that he lacked the authority to set aside a jury verdict unless the verdict was so high that it showed passion and prejudice. This, of course, is not the rule. We stated in *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 91, 102 N. W. (2d) 393:

". . . where an excessive verdict is not due to perversity or prejudice, and is not the result of error occurring during the course of trial, the plaintiff should be granted the option of remitting the excess over and above such sum as the court shall determine is the reasonable amount of plaintiff's damages, or of having a new trial on the issue of damages."

While it is clear that *Spleas v. Milwaukee & Suburban Transport Corp.* (1963), 21 Wis. (2d) 635, 645, 124 N. W. (2d) 593, extended the application of the *Powers* rule procedure to cases in which prejudicial error had been committed, this in no way modifies the rule of the *Powers Case,* which is applicable when the verdict is unexplainedly excessive.

Inasmuch as the trial judge mistakenly believed that the circumstances of the case were not such that made it possible to invoke the *Powers* rule, we conclude that this matter should be remanded to the trial judge for the exercise of his reasonable discretion. If, in the trial court's judgment, the verdict is excessive, the plaintiff must be given the option of remitting the excess over the sum that the court shall determine is reasonable or of having a new trial on the issue of damages. In returning this matter for the consideration of the trial court, we make no determination and express no opinion in

regard to either the adequacy or excessiveness of the verdict. This is a determination that must initially be made by the trial court.

*By the Court.*—Judgment reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.